IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PAULA EMERSON,                          )
                                        )
                Plaintiff,            )
                                        )
    v.                                  )    Case No. 14 C 5898
                                        )
THOMAS J. DART, et al.,                 )
                                        )
                Defendants.           )

## MEMORANDUM ORDER

Counsel for plaintiff Paula Emerson ("Emerson") has filed a motion (Dkt. No. 67) seeking reconsideration of this Court's November 1, 2016 sanction order that required Emerson to pay the State's Attorney of Cook County the sum of $16,848 (an amount based on the reasonable value of services rendered by Assistant State's Attorney Nile Miller ("Miller") in dealing with Emerson's egregious effort to prevent potential witnesses from testifying against her in this action). As Emerson's own Motion at 1 described the origin of the current dispute at the outset of her "Factual Predicate" section:

> On November 1, 2016, the Court entered an Order imposing sanctions in the sum of $16,848.00 against Plaintiff for creating and publishing an emotionally charged posting on a www.Facebook.com social media webpage managed for the 1,600-member union to which Plaintiff and other Cook County Deputies Sheriff belong. Defendants filed a Fed. Rule Civ. P. 37 motion for sanctions, claiming that the posting caused potential witnesses to become afraid to testify or to cooperate with Defendants.

In her capacity as counsel for defendants, attorney Miller has responded to Emerson's Motion To Reconsider (the "Motion") in Dkt. No. 69, and Emerson's counsel has now filed a reply (Dkt. No. 75). This Court has given full consideration to the parties' submissions on the Motion, and it sees no need to dwell at any length on the basis for the sanction or on the

reasonableness of the amount charged, for the Motion is no more persuasive than Emerson's earlier efforts to resist the imposition of sanctions. Instead this memorandum order will focus only briefly on the reasonableness of the sanction amount as challenged in the Motion.

To begin with, the fact that attorney Miller is an Assistant State's Attorney, so that her legal work on any particular matter is not paid for in terms of an hourly rate or the hours spent as part of her working day, makes it necessary to draw on other sources to determine the reasonable market rate earned by lawyers of comparable experience and ability. On that score the supporting evidence proffered on defendants' behalf amply justifies the $390 hourly rate embodied in the sanction award.

As for the 43.2 hours spent by attorney Miller in an effort to ascertain the possible impact of Emerson's blatant effort to engage in witness tampering, Emerson's attempted attack on the time that had to be devoted to digging into that question is extraordinarily ironic. Emerson's choice of the medium resorted to for her effort -- a Facebook group page (the "CCDOC Members Page") directed to some 1,600 Cook County Department of Correctional Officers -- amply justified the reported effort and expenditure of time on Miller's part.

Hence the lodestar figure derived from multiplying the reasonable hourly rate by the time spent, which is the federal courts' customary approach to quantifying fee awards (including sanctions), has produced an eminently reasonable result. This Court denies Emerson's Motion (Dkt. No. 67), and she is ordered to pay the sum of $16,848 to the State's Attorney of Cook County forthwith.

```
                                    _____
                                    Milton I. Shadur
                                    Senior United States District Judge
```

Date: January 10, 2017